## STATE v. WILSON.

1. Upon the trial of a criminal action a witness for the state was asked on cross-examination if he did not admit on the preliminary examination that he had, and had expressed, a feeling against the prisoner. He answered, "No, sir. I testified on the preliminary examination, and upon a direct question, that I thought the prisoner was guilty." Question by defendant: "And you formed that opinion, then, in advance of any trial?" The witness answered that he did. *Held,* that neither these questions nor answers entitled the state to show by him on redirect examination what his opinion was at the time of the trial, as to defendant's guilt or innocence, and that allowing the state to ask, and the witness to answer, against defendant's objection, the direct question if he still had the opinion that the defendant was guilty, was prejudicial error.

(Syllabus by the Court.   Opinion filed Jan. 13, 1894.)

Error to circuit court, Lincoln county. Hon. F. R. AIKENS, Judge.

Indictment charging the defendant with rape. Upon the trial the defendant was convicted, and he brings error to this court.   Reversed.

*O. S. Gifford, A. F. Crandall* and *C. S. Palmer,* for plaintiff in error.

*Coe I. Crawford, Attorney General,* and *M. E. Rudolph,* for defendant in error.

KELLAM, J.   At the March term, 1893, of the circuit court in and for Lincoln county, plaintiff in error was convicted of the crime of rape upon the person of a girl then under the age of consent. The record is brought to this court for review upon a writ of error. Upon the trial Dr. J. M. Lewis was sworn and examined as a witness in behalf of the state. He testified that a day or two after the offense was alleged to have been committed, he, then being the family physician, was called to see the girl, and he then made an examination of her person, and stated to the jury the result of such examination. Upon

cross examination he was asked this question: "I will ask you if you did not admit, doctor, on the preliminary examination, that you had a feeling against the prisoner, and that you had expressed a feeling?" His answer was: "No, sir. I testified on the preliminary examination, and upon a direct question, tion, that I thought the prisoner was guilty. Question. And you had formed that opinion, then, in advance of any trial? Answer. I had formed that opinion, yes, sir, I will say, in advance of the trial. I had not heard the testimony at that time. I had not that opinion at the time I made the examination." He then testified, on his redirect examination: "I testified on the stand before I believed him guilty. I formed that opinion after having made the examination, and then heard the statement of the Moultons in connection with it. This is what my opinion was based upon." He was then asked by the state: "You have that opinion yet?" The defendant, plaintiff in error, objected. The court overruled the objection, and allowed the witness to answer, remarking: "It would not be proper if you had not brought that matter out on cross examination." The witness answered: "I have that opinion yet." We think this question and answer should have been excluded. In the first place, it is hardly correct to say that the matter of the doctor's having an opinion as to the guilt or innocence of the accused was called out by the cross examination. The answer that he "thought the prisoner guilty" was voluntary on his part, and was not responsive to the question propounded to him. The question was whether or not he had formerly testified that he entertained and had expressed a feeling against the prisoner. This did not involve or call for an expression of his opinion as to whether the accused was guilty of the offense for which he was being tried. He might have believed him innocent, and yet, on other accounts, have felt very hostile towards him; or he might have thought him guilty, and yet, for personal reasons, have felt very friendly towards him. The question asked only required him to say whether or not he had on the prelim-

inary examination testified that he had, and had expressed, "a feeling against the prisoner." This question he answered plainly "No, sir;" and the answer should have stopped there, for the question was fully and completely answered; but he went further and volunteered the statement that he did testify that he thought the prisoner guilty. If defendant had then asked to have that part of the answer stricken out, the court should, and doubtless would, have so ordered; but the damaging fact had gone to the jury, and doubtless made its impression upon their minds. To counteract its effect as much as possible defendant then undertook to show by a single question to the witness that the opinion referred to was one formed in advance of the trial, and before he could know from sworn witnesses the facts in the case. The witness frankly admitted that it was. Then, in answer to direct interrogatories by the state, the witness stated that such opinion was formed from his examination of the girl, and the statements of the family. Then came the challenged question: "You have that opinion yet?" This was equivalent to asking the witness his present opinion as to whether the accused was guilty or innocent. Coming from the state, the question could have had but one purpose, and that was to let the jury know what the doctor thought about the defendant's guilt or innocence; and this the state was not entitled to show, nor the jury to know. The defendant was not answerable for their responsive answer of the witness that he testified at the preliminary examination that he believed the accused guilty; and, even if he were, such answer would not entitle the state to ask him what his opinion was as to the defendant's guilt or innocence, at the time of the trial. It must be remembered that the doctor was the state's witness. In the cross examination he was asked, not whether he had any ill feeling towards the defendant, or any opinion as to his guilt or innocence, either at the time of the preliminary examination or at the time of the trial, but simply if he testified at the preliminary examination that

he "had a feeling against the prisoner." I think no answer the witness could make to this question would open the door to the admission of his independent statement, in answer to a direct question by the state, that he then, at the time of the trial, believed the accused guilty. That was the very, and the only, question to be submitted to the jury; and I can hardly conceive of a case in which the state would be allowed to ask one of its own witnesses if he did not believe the accused guilty. The doctor was evidently a man of superior intelligence and of high standing. With his knowledge of the facts, his deliberate opinion, expressed under oath, would naturally have effect upon the jury: The accused was entitled to their conscientious conclusion from the facts in evidence, uninfluenced by the belief of any other person as to his guilt or innocence. We believe the court erred in allowing the state to ask, and the witness to answer, the question objected to.

Other questions of error are raised, but, as the same questions are not likely to occur on another trial, we do not discuss them. The judgment of the circuit court is reversed, and the cause remanded for a new trial.